IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD B. CHAPPELL                                      PLAINTIFF

v.                  Civil No. 07-3010

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                            DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Ronald Chappell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

      The plaintiff filed his applications for DIB and SSI on January 12, 2004, alleging an onset date of December 16, 2003, due back problems, head trauma, chronic neck pain, diabetes, syncope, severe headaches, and depression. (Tr. 53-55, 100, 410-413). Following denial of plaintiff's claims initially and on reconsideration, an administrative hearing was held on July 5, 2006. (Tr. 39). Plaintiff was present and represented by counsel.

      At this time, plaintiff was 34 years of age and possessed the equivalent of a high school education. (Tr. 18, 421). He has past relevant work ("PRW") as a truck driver, tow truck

operator, school bus driver, tractor/trailer operator, maintenance worker, production line worker, and dishwasher/cook. (Tr. 112-119, 422-424).

On August 14, 2006, the ALJ found that plaintiff had a combination of severe impairments, but he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13-15). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to frequently lift and carry up to 20 pounds; occasionally lift and carry 20-100 pounds; push/pull up to 20 pounds frequently and 20-100 pounds occasionally; stand and/or walk (with normal breaks) for a total of at least 2 hours in an 8-hour workday; sit (with normal breaks) for a total of approximately 6 hours in an 8-hour workday; occasionally climb, balance, stoop, kneel, crouch, or crawl; frequently grasp objects, handle objects, finely manipulate objects, feel objects, reach, and push/pull/operate controls; and, must avoid moderate exposure to heights, moving machinery, chemicals, noise, humidity, dust/fumes, temperature extremes, and vibrations. (Tr. 15). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform the requirements of representative occupations such as a surveillance system monitor. (Tr. 18).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on February 23, 2007. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 7).

AO72A
(Rev. 8/82)

**Standard of Review**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

**Applicable Law**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that her disability, not simply his impairment, has lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's failure to consider the neuropsychological evaluation conducted by Dr. Vann Smith on May 4, 2006. The transcript of the hearing makes clear that the ALJ was aware of the existence of this report and that he had reviewed it. (Tr. 434, 457). *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). However, the report is not included in the administrative record and was not mentioned in the ALJ's opinion.

In January 2005, plaintiff was involved in an automobile accident and suffered a loss of consciousness. (Tr. 268). We note that an MRI of plaintiff's brain conducted in February 2006, revealed a hygroma[1] in the right frontal region of his brain that was depressing the brain approximately 1 centimeter. (Tr. 336). Dr. Bruce Robbins, a neurologist, diagnosed plaintiff with a history of head trauma, which had resulted in persistent and unrelenting headaches. (Tr. 335). Decreased sensation was also noted on the right side of plaintiff's face. (Tr. 334). Further, records dated March 2006 reveal that plaintiff had begun to experience increased problems with memory. (Tr. 330). Therefore, given plaintiff's history of brain trauma and resulting symptoms, we believe that the case should be remanded to the ALJ for proper consideration of Dr. Smith's neuropsychological evaluation. *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005)

---

[1]A hygroma is a sac or cyst swollen with fluid. *See* PDR Medical Dictionary 845 (2nd ed. 2000).

(holding that inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand).

We also note that the record does not contain an RFC assessment from plaintiff's treating neurologist, Dr. Robbins. Therefore, on remand, the ALJ is directed to address interrogatories to Dr. Robbins, asking him to review plaintiff's medical records; to complete a physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for his opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of February 2008.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE