IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


RONALD B. CHAPPELL                                                PLAINTIFF


        v.                          CIVIL NO. 07-3010


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT


## O R D E R

        Plaintiff Ronald B. Chappell appealed the Commissioner's denial of benefits to this court.

On February 29, 2008, judgment was entered remanding plaintiff's case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9).  On May 22, 2008, plaintiff moved

for an award of $1,245.03 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access

to Justice Act (hereinafter "EAJA"), requesting compensation for 3.75 attorney hours of work

before the court at an hourly rate of $150.00, 8.40 paralegal hours at an hourly rate of $75.00 and

$52.53 in expenses.[1]  (Doc. # 10-11). Defendant has filed a response, objecting to both the hourly

rate requested and certain hours claimed. (Doc. # 12).

**§ 406 Fees:**

        Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1).

We find this request is premature, in that there has been no submission of evidence indicating

plaintiff has been successful upon remand and has been awarded benefits from which an

---

[1]The court notes the name at the top of Exhibit "A-1" is not the plaintiff in this case. However, the time sheet in
Exhibit "A" does mention the plaintiff in this case and the time before the court is the same as in Exhibit "A-1."
(Doc. # 11).

appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4). **Plaintiff's counsel routinely requests fees pursuant to 42 U.S.C. § 406(b)(1) as an alternative should the court not grant fees pursuant to the EAJA. We recommend to plaintiff's counsel that he review the requirements needed to seek fees pursuant to 42 U.S.C. § 406(b)(1) and to refrain from requesting such fees as an alternative in every petition for fees pursuant to the EAJA.**

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

2

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

3

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $150.00 an hour based on an increase in the cost of living.  Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.  Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 11) and has presented evidence of an increase in the cost of living.  Therefore, the undersigned believes his argument for enhanced

4

fees based on a cost of living increase has merit.  Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $150.00 per hour.

The Commissioner has raised an objection to the hourly rate requested for paralegal time. We agree that the requested paralegal hourly rate is excessive and find that an award of $65.00 an hour is more appropriate.

Plaintiff's counsel requests 0.25 paralegal hour on March 23, 2007 (receipt and review of Order granting the IFP. Review of file), from which we deduct 0.25 hour; 0.25 paralegal hour on March 23, 2007 (receipt and review of file-marked copy of the complaint with summons, etc. Review of file), from which we deduct 0.25 hour; 0.50 paralegal hour on June 21, 2007(letters to the Attorney General, U.S. Attorney and Regional Chief with summons and complaint served upon them. Review of file), from which we deduct 0.50 hour; and 0.50 paralegal hour on March 5, 2008 (preparation of the Affidavit of plaintiff. Letter to the client enclosing the Affidavit of plaintiff to be signed and returned and copy of the Judgment for his information. Review of file), from which we deduct 0.50 hour. This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA).  Accordingly, 1.50 paralegal hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel requests 0.25 paralegal hour on May 12, 2008 (receipt and review of prehearing memorandum from the Judge. Review of file), from which we deduct 0.25 paralegal hour; and 0.25 paralegal hour on May 14, 2008 (letter to ODAR requesting copies of their exhibits. Review of file), from which we deduct 0.25 hour. We note, time spent at the administrative level is not compensable under the EAJA.  *See Cornella v. Schweiker*, 728 F.2d

5

978, 988-89 (8th Cir. 1984).  Accordingly, 0.50 paralegal hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 2.00 paralegal hours and 0.25 attorney  hour on May 21, 2008, for the preparation of the EAJA petition. We find the time sought to be excessive and deduct 0.75 paralegal hour from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $52.53 in expenses incurred with regard to postage and photocopies.  Such expenses are recoverable under the EAJA and we find $52.53 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 3.75 attorney hours at the rate of $150.00 per hour, 5.65 (8.40-2.75) paralegal hours at an hourly rate of $65.00, and for $52.53 in expenses, for a total attorney's fee award of $982.28.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 9th day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6